**NEWMAN JONES** PLLC

ATTORNEYS AT LAW

14747 N. NORTHSIGHT BLVD., STE 111-143

SCOTTSDALE, ARIZONA 85260

TELEPHONE (480) 686-7762

Christine N. Jones (AZ Bar No. 018425) (*pro hac vice* pending)
cjones@newmanjones.com

Alexandra V. Boles (AZ Bar No. 039387) (*pro hac vice* pending)
aboles@newmanjones.com

Valerie L. Iglehart (AZ Bar No. 040821) (*pro hac vice* pending)
viglehart@newmanjones.com

**MCKOWN BAILEY**

Aaron M. McKown (SBN 208781)

Giovanna Castro-Kalagian (SBN 359634)

520 Newport Center Drive, Suite 470

Newport Beach, CA 92660

Telephone: (949) 858-3200

E-Mail:  aaron@mckownbailey.com
  giovanna@mckownbailey.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **S.R.Bray LLC, a California Limited Liability Company,**<br><br>Plaintiff,<br><br>and<br><br>**Sean Feucht Ministries, Inc., a Pennsylvania domestic nonprofit corporation; Let Us Worship, a Texas nonprofit corporation; Does I-XX; ABC Partnerships I-X; and XYZ Corporations I-X,**<br><br>Defendants. | Case No.: _____<br><br>**CIVIL COMPLAINT**<br><br>**Jury Trial Demanded** |

**COMES NOW**, Plaintiff, S.R.Bray LLC, a California Limited Liability Company ("Plaintiff"), by and through undersigned counsel, to bring this action against Defendants Sean Feucht Ministries, Inc., a Pennsylvania domestic nonprofit corporation; Let Us Worship, a Texas nonprofit corporation; Does I-XX; ABC Partnerships I-X; and XYZ Corporations I-X.

As detailed below, this action arises from Defendants' scheme to fraudulently solicit a charitable donation from Plaintiff. Plaintiff will show this Honorable Court as follows:

## PARTIES

1.    Plaintiff is a California limited liability company with its principal office at 5500 East La Palma, Anaheim, California 92807.

2.    On information and belief, Defendant Sean Feucht Ministries, Inc. ("Defendant SFM"), is a Pennsylvania domestic nonprofit corporation duly authorized to do business in the State of California. On information and belief, the registered office for Defendant SFM is located at 8 South 16th Street, Camp Hill, Pennsylvania, 17011.

3.    On information and belief, Defendant Let Us Worship ("Defendant LUW"; collectively with Defendant SFM, "the Defendants") is a Texas nonprofit corporation associated with Defendant SFM. On information and belief, the registered office for Defendant LUW is 371 West Byron Nelson Boulevard, Roanoke, Texas 76262.

## JURISDICTION AND VENUE

1.    This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between a citizen of the State of California and

citizens of the States of Pennsylvania and Texas. Furthermore, the amount in controversy exceeds the requisite statutory minimum, exclusive of interest and costs. Plaintiff seeks recovery of at least $250,000 in compensatory damages, exclusive of punitive damages, restitution, and other relief.

2. This Court has personal jurisdiction over the Defendants pursuant to the Federal Rules of Civil Procedure and California's long-arm statute, which permit courts to exercise jurisdiction on any basis not inconsistent with the Constitution of the United States. The Defendants purposefully availed themselves of the privilege of conducting activities within the State of California, including by intentional solicitation and acceptance of charitable contributions from at least one California citizen, and have purposefully directed their conduct toward California citizens. The Defendants knew or reasonably should have known that their solicitation efforts were directed toward a California citizen and that the resulting harm would be suffered in California.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

4. At all times relevant to this Complaint, Plaintiff acted by and through its principal and majority member, Steve Bray ("Mr. Bray"), a natural person and a citizen of the State of California.

5. At all times relevant to this Complaint, Mr. Bray maintained authority to act on behalf of Plaintiff.

6.    John Christopher "Sean" Feucht ("Mr. Feucht") founded Defendant SFM and Defendant LUW, and, at all times relevant to this Complaint, maintained authority to act on Defendants' behalves.

7.    Mr. Feucht founded and controls both Defendants and directs their operations, and was authorized to solicit donations on behalf of the Defendants.

8.    On information and belief, Mr. Feucht is the primary decision-maker for both Defendants and exercises unilateral authority over their finances, operations, and use of funds.

9.    On information and belief, the Defendants lack meaningful independence from Mr. Feucht.

10.    On information and belief, funds donated to the Defendants are deposited into accounts controlled by Mr. Feucht, who exercises discretion over how those funds are spent.

11.    On or about March 6, 2023, Mr. Feucht met with Mr. Bray in person at Plaintiff's office in Anaheim, California.

12.    On or about March 6, 2023, when Mr. Feucht visited Mr. Bray, he did so in his capacity as founder and agent for the Defendants, for the purposes of soliciting a charitable donation for one or both of the Defendants.

13.    On or about March 6, 2023, Mr. Feucht orally represented to Mr. Bray that any donated funds would be used specifically to support the 2023 "Let Us Worship — Kingdom to the Capitol Tour," which purportedly aimed to bring Christian worship, prayer, and "revival" to the centers of state government in all fifty states.

14.  Mr. Feucht's representations were made through various communications over a period of time, including emails and written materials, in addition to direct conversations with Plaintiff and/or Plaintiff's agents, including Mr. Bray.

15.  In support of the solicitation, Mr. Feucht presented Plaintiff with Defendant SFM's "confidential financial statement" for fiscal year 2022.

16.  The financial statement highlighted Defendant SFM's outdoor worship events, described having raised more than $5 million in 2022, and noted that the average cost per event was $21,786.

17.  The financial statement also noted more than $4 million in "designated giving and funds in reserve for special projects."

18.  At no time while making the solicitation did Mr. Feucht ever suggest or indicate that any solicited funds would be utilized for his personal benefit.

19.  In reasonable reliance on Mr. Feucht's representations, Mr. Bray caused funds totaling $250,000 ("Donation") to be deposited from Plaintifff's accounts into a donor-advised fund with the National Christian Foundation, where Plaintiff (through Mr. Bray) maintained advisory control over the Donation.

20.  On or about March 7, 2023, Plaintiff recommended that the Donation be released to the Defendants for the noted purpose of "2023 worship at capitals [sic] and other cities."

21.  Plaintiff's Donation cleared to Defendants on or about March 13, 2023.

22.  Defendants knew the funds originated from Plaintiff.

23. On information and belief, including information derived from internal financial records and individuals with direct knowledge of Defendants' financial practices, funds solicited for specific ministry initiatives, including the 2023 "Let Us Worship — Kingdom to the Capitol Tour," were not used exclusively for the purposes represented to donors and were instead diverted, in whole or in part, to other uses controlled by Mr. Feucht.

24. On information and belief, including information derived from individuals with direct knowledge of Defendants' financial practices, Defendants' funds were allegedly misappropriated and commingled with Mr. Feucht's personal funds.

25. In 2024, MinistryWatch, a nonprofit watchdog, gave Defendant SFM an "F" rating, due in large part to Mr. Feucht's accumulation of lavish real estate and Defendant SFM's failure to file Form 990's after fiscal year 2020.

26. On information and belief, one or both of Defendants diverted some or all of Plaintiff's Donation for non-charitable purposes, such as the purchase of personal assets (including real estate), in contradiction with Mr. Feucht's representations.

27. Accordingly, on information and belief, one or both of Defendants took, appropriated, obtained, and retained Plaintiff's personal property for a wrongful use or with the intent to defraud, or both.

28. On information and belief, one or both of Defendants, by and through the actions of Mr. Feucht, knowingly misrepresented the intended use of funds in order to induce Plaintiff's Donation.

29. On information and belief, Mr. Feucht exercises complete dominion and control over Defendant SFM and Defendant LUW.

6

30.   As a direct and proximate result of Mr. Feucht's misrepresentations, Plaintiff was fraudulently induced to direct charitable funds under its advisory control to purposes other than for the 2023 "Let Us Worship — Kingdom to the Capitol Tour," causing Plaintiff damage and entitling it to recover all appropriate legal and equitable relief.

### COUNT I: FRAUDULENT MISREPRESENTATION
**(As to All Defendants)**

31.   Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

32.   Defendants, by and through their agent Mr. Feucht, made representations to Plaintiff concerning the intended charitable use of donated funds.

33.   Specifically, Defendants, by and through their agent, Mr. Feucht, represented that the Donation would be used for legitimate charitable purposes, to wit, supporting the 2023 "Let Us Worship — Kingdom to the Capitol Tour," and not for personal or non-charitable uses.

34.   These representations concerned material facts relating to how Plaintiff's Donation would be used and Defendants either knew or should have known that Plaintiff would reasonably rely on their representations when deciding whether to provide funds.

35.   These representations were false at the time they were made.

36.   Defendants knew the representations were false or made them with reckless disregard for their truth.

37.   Defendants intended that Plaintiff rely and act on these representations.

38.   Plaintiff reasonably relied on Defendants' representations when making the Donation.

39. In reliance on Defendants' representations, Plaintiff provided funds to Defendants totaling $250,000.

40. On information and belief, Defendants did not use the funds as represented and instead diverted them for purposes inconsistent with the representations made to Plaintiff.

41. As a direct and proximate result of Defendants' fraudulent conduct, Plaintiff suffered damages in an amount to be proven at trial but exceeding $75,000.

42. Defendants' conduct was willful, fraudulent, malicious, and undertaken with conscious disregard for the rights of Plaintiff, entitling Plaintiff to punitive damages.

## <u>COUNT II: NEGLIGENT MISREPRESENTATION</u>
### (As to All Defendants)

43. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

44. Defendants, by and through their agent Mr. Feucht, made representations to Plaintiff concerning the intended charitable use of donated funds.

45. Specifically, Defendants, by and through their agent Mr. Feucht, represented that the Donation would be used for legitimate charitable purposes, to wit, supporting the 2023 "Let Us Worship — Kingdom to the Capitol Tour," and not for personal or non-charitable uses.

46. These representations concerned material facts relating to how Plaintiff's Donation would be used and Defendants either knew or should have known that Plaintiff would reasonably rely on their representations when deciding whether to provide funds.

47. These representations were false and Defendants, by and through their agent, made the representations without reasonable grounds for believing them be true.

48. Defendants intended that Plaintiff rely and act on these representations.

49. Plaintiff reasonably relied on Defendants' representations when making the Donation.

50. In reliance on Defendants' representations, Plaintiff provided funds to Defendants totaling $250,000.

51. On information and belief, Defendants did not use the funds as represented and instead diverted them for purposes inconsistent with the representations made to Plaintiff.

52. As a direct and proximate result of Defendants' fraudulent conduct, Plaintiff suffered damages in an amount to be proven at trial but exceeding $75,000.

53. Defendants' conduct was willful, malicious, and undertaken with conscious disregard for the rights of Plaintiff, entitling Plaintiff to punitive damages.

**COUNT III: UNFAIR BUSINESS PRACTICES UNDER
CAL. BUS. & PROF. CODE § 17200
(As to All Defendants)**

54. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

55. At all relevant times, Defendants were engaged in business acts and practices, including the solicitation and acceptance of donations from members of the public.

56. Defendants' conduct constituted an unlawful business act and practice, resulting in unfair competition, because Defendants violated other laws, including but not limited to California common law prohibiting fraudulent and negligent misrepresentation.

57. In the alternate, Defendants' conduct also consistuted fraudulent business acts or practices because Defendants represented to Plaintiff that funds solicited from Plaintiff would be used for legitimate charitable purposes, including supporting the programs and activities of the Defendants, but those representations were false or misleading. Members of

the public, including Plaintiff, were likely to be deceived by Defendants' representations regarding the intended use of donated funds, and Defendants' deceptive representations were made for the purpose of inducing Plaintiff to provide funds to Defendants.

58.  In the alternate, Defendants' conduct also constitutes unfair business practices because Defendants' conduct offends established public policy favoring honesty and transparency in charitable fundraising and the proper use of donated funds. Defendants' conduct is immoral, unethical, unscrupulous, and substantially injurious to donors and the public — and, specifically, Plaintiff — and the harm Defendants caused substantially outweighs any legitimate benefit associated with their solicitation practices.

59.  As a direct and proximate result of Defendants' unfair competition, Plaintiff lost money or property, including but not limited to the funds Plaintiff donated to Defendants.

**COUNT IV: CIVIL THEFT BY FALSE PRETENSES UNDER
CAL. PENAL CODE § 496(c)**
**(As to All Defendants)**

60.  Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

61.  Mr. Feucht, acting on behalf of Defendants, procured Plaintiff's funds for Defendants under the false pretense that the funds would be used specifically to support the 2023 "Let Us Worship — Kingdom to the Capitol Tour."

62.  Mr. Feucht's procurement of the Donation by false pretenses constituted theft.

63.  Defendants did, in fact, receive the Donation.

64.  Defendants — founded, owned, and operated by Mr. Feucht — knew or should have known that the Donation constituted property that had been stolen from Plaintiff.

65.   Instead of returning the Donation, Defendants have continued to withhold the Donation from Plaintiff.

66.   Plaintiff has been damaged in at least the amount of $250,000 by Defendants' theft and/or receipt of stolen property.

67.   Accordingly, Plaintiff is entitled to seek treble damages as well as its reasonable attorneys' fees and costs, pursuant to Cal. Penal Code § 496(c).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court cause service to issue upon the Defendant and that this matter be set for trial before a jury. Upon a jury trial thereon, Plaintiff prays the following relief be granted: (i) compensatory damages against the Defendants in an amount to be determined at trial, (ii) restitution and disgorgement of all funds fraudulently obtained from Plaintiff; (iii) treble damages pursuant to California Penal Code § 496(c); (iv) punitive damages; (v) pre- and post-judgment interest; (vi) reasonable attorney fees and other costs incurred in pursuing the present action, and (vii) any further relief this Honorable Court may deem just and proper, including but not limited to ordering Defendants to provide a full and complete accounting of all funds received from Plaintiff.

**DATED** this, the 6th day of March, 2026.

**McKOWN BAILEY**

By: _____
   Aaron M. McKown
   Giovanna Castro-Kalagian

11

**NEWMAN JONES PLLC**
Christine N. Jones, Esq. (*pro hac vice* pending)
Alexandra V. Boles, Esq. (*pro hac vice* pending)
Valerie L. Iglehart, Esq. (*pro hac vice* pending)
14747 N. Northsight Blvd.,
Ste 111-143
Scottsdale, AZ  85260
(480) 686-7762
cjones@newmanjones.com
aboles@newmanjones.com
viglehart@newmanjones.com

*Attorneys for Plaintiff*