DAVID A. SHANEYFELT, State Bar No. 240777
dshaneyfelt@alvarezfirm.com
MITCHELL A. ENRIQUEZ, State Bar No. 364265
menriquez@alvarezfirm.com
**THE ALVAREZ FIRM, A Law Corporation**
24005 Ventura Boulevard
Calabasas, California 91302
TEL: (818) 224-7077

JOHN S. EHRETT, District of Columbia Bar No. 1657026
jehrett@lexpolitica.com
*Pro hac vice (Pending)*
ERIN MORROW HAWLEY, District of Columbia Bar No. 500782
ehawley@lexpolitica.com
*Pro hac vice (Pending)*
**LEX POLITICA PLLC**
700 Pennsylvania Avenue SE, Ste 440
Washington, D.C. 20003
TEL: (512) 354-1783

Attorneys for Defendants

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.R. BRAY LLC, a California limited liability corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SEAN FEUCHT MINISTRIES, INC., a Pennsylvania domestic nonprofit corporation; LET US WORSHIP, a Texas nonprofit corporation, <br><br> Defendants. | CASE NO.: 8:26-cv-00527-DOC-KES <br><br> **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** <br><br> Assigned to: Judge David O. Carter <br> Magistrate Judge Karen E. Scott <br><br> Complaint Filed: March 19, 2026 <br><br> Date:  7/27/2026 <br> Time:  8:30 a.m. <br> Dept.:  10A |

---

**DEFENDANTS' MEMO ISO MOTION TO DISMISS**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................. 1

STANDARD OF REVIEW ................................................................................ 3

ARGUMENT ...................................................................................................... 3

I.      PLAINTIFF'S CLAIMS AGAINST LET US WORSHIP
        SHOULD BE SEVERED AND DISMISSED ....................................... 3

II.     BECAUSE PLAINTIFF'S DONATION WAS MADE TO
        A THIRD-PARTY ENTITY THAT EXERCISED ULTIMATE
        CONTROL, PLAINTIFF LACKS STANDING TO SUE ...................... 4

        A.    Plaintiff Cannot Show an Injury-In-Fact ................................. 5
        B.    Plaintiff Cannot Show Causation.............................................. 9
        C.    Plaintiff Cannot Establish Redressability ................................ 9

III.    PLAINTIFF FAILS TO PLEAD A VIABLE CAUSE
        OF ACTION ......................................................................................... 10

        A.    Plaintiff Fails to Plead a Cause of Action for
              Fraudulent Misrepresentation ................................................ 10
        B.    Plaintiff Fails to Plead a Cause of Action for
              Negligent Misrepresentation .................................................. 14
        C.    Plaintiff Fails to Plead a Cause of Action for
              Unfair Business Practices ...................................................... 14
        D.    Plaintiff Fails to Plead a Cause of Action for
              Civil Theft by False Pretenses ............................................... 16

IV.     PLAINTIFF'S NEGLIGENT MISREPRESENTATION
        CLAIM, AND CIVIL THEFT CLAIM FOR TREBLE
        DAMAGES, ARE TIME-BARRED ................................................... 17

V.      THE CHURCH AUTONOMY DOCTRINE BARS
        PLAINTIFF'S SUIT ............................................................................ 19

CONCLUSION................................................................................................. 20

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

– i –

**DEFENDANTS' MEMO ISO MOTION TO DISMISS**

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Abrego Abrego v. Dow Chem. Co.*,
   443 F.3d 676 (9th Cir. 2006) ................................................................. 6

*Ankeny v. Lockheed Missiles & Space Co.*,
   88 Cal. App. 3d 531 (Ct. App. 1979) ...................................................... 11

*Ashcroft v. Iqbal*,
   556 U.S. 663 (2009) ........................................................................3, 13, 14

*Beckwith v. Dahl,*
   205 Cal. App. 4th 1039 (2012) ............................................................... 12

*Behrmann v. Nat'l Heritage Found.*,
   663 F.3d 704 (4th Cir. 2011) .................................................................. 7

*Bell v. Presbyterian Church (U.S.A.),*
   126 F.3d 328 (4th Cir. 1997) ................................................................. 20

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................... 3

*BP Expl. & Prod., Inc. v. Claimant ID 100217946,*
   919 F.3d 258 (5th Cir. 2019) .................................................................. 7, 8

*Downing v. Abercrombie & Fitch*,
   265 F.3d 994 (9th Cir. 2001) .................................................................. 3

*Fox v. Ethicon Endo-Surgery, Inc.*,
   35 Cal. 4th 797 (2005) ........................................................................... 18

*Gen. Council on Fin. & Admin. of United Methodist Church v.
Superior Ct. of California, San Diego Cnty.*,
   439 U.S. 1355 (1978) ............................................................................. 20

*Home Budget Loans, Inc. v. Jacoby & Meyers L. Offs.*,
   207 Cal. App. 3d 1277 (Ct. App. 1989) .................................................. 14

**DEFENDANTS' MEMO ISO MOTION TO DISMISS**

**Page**

*Huntsman v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints,*
   127 F.4th 784 (9th Cir. 2025) ................................................................19, 20

*Ives v. Allstate Ins. Co.,*
   520 F. Supp. 3d 1248 (C.D. Cal. 2021) ....................................................... 10

*Jolley v. Chase Home Fin., LLC,*
   213 Cal. App. 4th 872 (2013),
   *as modified on denial of reh'g* (Mar. 7, 2013) ........................................... 15

*Kaldenbach v. Mut. of Omaha Life Ins. Co.,*
   178 Cal. App. 4th 830 (2009),
   *as modified* (Oct. 26, 2009) ......................................................................... 15

*Kearns v. Ford Motor Co.,*
   567 F.3d 1120 (9th Cir. 2009) ..................................................................... 11

*Khoja v. Orexigen Therapeutics, Inc.,*
   899 F.3d 988 (9th Cir. 2018) .......................................................................... 6

*Klein v. Chevron U.S.A., Inc.,*
   202 Cal. App. 4th 1342 (2012),
   *as modified on denial of reh'g* (Feb. 24, 2012) ......................................... 14

*Lapham Found., Inc. v. Comm'r,*
   84 T.C.M. (CCH) 586 (T.C. 2002),
   *aff'd,* 389 F.3d 606 (6th Cir. 2004) ........................................................ 7, 8

*Lazar v. Superior Ct.,*
   12 Cal. 4th 631 (1996) .................................................................................. 10

*L.B. Rsch. & Educ. Found. v. UCLA Found.,*
   130 Cal. App. 4th 171 (2005) ......................................................................... 8

*Lujan v. Defs. of Wildlife,*
   504 U.S. 555 (1992) ........................................................................................ 9

*McRaney v. N. Am. Mission Bd. of the S. Baptist Convention, Inc.,*
   157 F.4th 627 (5th Cir. 2025) ...................................................................... 19

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

**DEFENDANTS' MEMO ISO MOTION TO DISMISS**

**Page**

*Moreno v. Sanchez,*
106 Cal. App. 4th 1415 (2003)................................................................. 18

*Musk v. Altman*,
818 F. Supp. 3d 1109 (N.D. Cal. 2026) .................................................. 8

*Nat'l Heritage Found., Inc. v. Highbourne Found.*,
2014 WL 2900933 (4th Cir. June 27, 2014),
*on reh'g*, 760 F.3d 344 (4th Cir. 2014) ....................................... 7, 8

*Our Lady of Guadalupe School v. Morrissey-Berru*,
591 U.S. 732 (2020) ............................................................... 19

*Parrino v. FHP, Inc.*,
146 F.3d 699 (9th Cir. 1998)........................................................ 6

*People v. Gentry*,
234 Cal. App. 3d 131 (Ct. App. 1991) ..................................................... 16

*Pinkert v. Schwab Charitable Fund*,
No. 20-CV-07657-LB, 2021 WL 2476869 (N.D. Cal.
June 17, 2021), *aff'd*, 48 F.4th 1051 (9th Cir. 2022) ..........................*passim*

*Pinkert v. Schwab Charitable Fund*,
48 F.4th 1051 (9th Cir. 2022)...............................................................*passim*

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
522 F.3d 1049 (9th Cir. 2008).................................................... 17

*Safe Air for Everyone v. Meyer*,
373 F.3d 1035 (9th Cir. 2004)..................................................... 3

*Small v. Fritz Companies, Inc.*,
30 Cal. 4th 167 (2003)........................................................... 12

*Smith v. Davis*,
953 F.3d 582 (9th Cir. 2020).................................................... 18

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007)..................................................... 12

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

– iv –

**DEFENDANTS' MEMO ISO MOTION TO DISMISS**

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

**Page**

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021) ................................................................................ 4, 9

*Tu Le v. Prestige Cmty. Credit Union*,
    No. 8:22-CV-00259-JVS (KESX), 2023 WL 9689133
    (C.D. Cal. Nov. 6, 2023) ......................................................................... 17

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ................................................................... 6

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ............................................................10, 12

*White v. Lee*,
    227 F.3d 1214 (9th Cir. 2000) .................................................................. 3

**Page**

**Statutes – Federal**

26 U.S.C. § 170(f)(18)(B) .............................................................................. 1

Fed. R. Civ. P. 9(b) .................................................................................10, 11

Fed. R. Civ. P. 12(b)(1) ............................................................................ 3, 4

Fed. R. Civ. P. 12(b)(6) ................................................................................. 3

Fed. R. Civ. P. 21 ......................................................................................... 4

I.R.C. § 6033(a)(3)(A)(i) ............................................................................... 2

**Statutes – State**

Cal. Bus. & Prof. Code § 17200 .................................................................. 14

Cal. Civ. Proc. Code § 339 .......................................................................... 17

Cal. Civ. Proc. Code § 340 .......................................................................... 17

Cal. Penal Code § 496(c) ............................................................................. 17

Cal. Penal Code § 532 .................................................................................. 16

**DEFENDANTS' MEMO ISO MOTION TO DISMISS**

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

**Page**

**Other Authorities**

National Christian Foundation, *Comparing Donor-Advised Funds and Private Foundations* (accessed Apr. 20, 2026), https://www.ncfgiving.com/documents/ncf-considering-a-private-foundation/ ........................................................................ 6

National Christian Foundation, *Essential Guide to NCF's Giving Solutions* (accessed Apr. 20, 2026), https://www.ncfgiving.com/documents/ncf-considering-a-private-foundation/ ............................................................ 7

Internal Revenue Service, *Tax Exempt Organization Search: Sean Feucht Ministries Inc.* (accessed June 3, 2026) ....................................................... 19

Internal Revenue Service, *Tax Exempt Organization Search: Let Us Worship* (accessed June 5, 2026) ................................................................. 19

**DEFENDANTS' MEMO ISO MOTION TO DISMISS**

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

## INTRODUCTION

This lawsuit can be interpreted in multiple ways. Read one way, it is the case of a donor who fears—albeit without any evidence—that funds he gave to a third party years ago *may have been* misused by the ultimate beneficiary, well after those funds left the donor's own control. Read another way, this suit is a thinly-pleaded bid to undertake a large-scale fishing expedition into Defendants' financial records, as part of a larger effort to harass and target Defendants' main figurehead, Christian pastor and worship leader Sean Feucht. Much points to the latter.

In all events, regardless of the ultimate motivation, Plaintiff's suit must be dismissed. Plaintiff lacks standing to sue because it ceded control over the donation in question before any funds passed to Defendants. So too, the Complaint wholly fails to make out a plausible claim for relief—or even allege any harm beyond vague and speculative allegations, which are *all* based on hearsay not even in the Complaint. Several of Plaintiff's causes of action are time-barred. And Plaintiff's suit unconstitutionally attempts to pry into the ecclesial affairs of an organization of churches, in violation of core church-autonomy principles.

## BACKGROUND

Sean Feucht Ministries (SFM) is an association of churches, led by pastor Sean Feucht, that hosts outdoor worship events as part of its ministry work. Compl. ¶ 16. Its activities include, in part, bringing worship, prayer, and revival to the capital cities of all fifty states. Compl. ¶ 13. In support of this mission, SFM receives donor support. Compl. ¶ 23.

In March 2023, SFM allegedly received a $250,000 donation from the National Christian Foundation (NCF), a donor-advised fund. Compl. ¶¶ 19, 21. At the time, federal law provided that a donor to such a fund could claim a tax deduction in the year in which the donation was made. *See* 26 U.S.C. § 170(f)(18)(B). Federal law also cedes ultimate control of the donation to the

- 1 -

**DEFENDANTS' MEMO ISO MOTION TO DISMISS**

recipient fund, and grants donors a merely advisory right to make recommendations about how the fund will use the original donation. *See id.*

At some point before March 2023, Steve Bray, through Plaintiff S.R. Bray LLC, made the original $250,000 contribution to NCF. Compl. ¶ 19. He then recommended that NCF release this donation to Defendants. *Id.* The Complaint does not allege that Mr. Bray made a restricted gift to NCF. Compl. ¶ 19. Nor does the Complaint allege that Mr. Bray imposed any detailed conditions in his recommendation to NCF. Compl. ¶ 20. Mr. Bray urged—but did not dictate—that the funds be released for the general purpose of "2023 worship at capitals and other cities." Compl. ¶ 20.

This was to be expected. Bray's initial contribution to NCF came in the wake of discussions with Sean Feucht, a prominent pastor and worship leader and the principal of SFM. Compl. ¶¶ 6–8, 11–14. In early 2023, Bray and Feucht discussed SFM's current and future plans for hosting worship events, including the 2023 "Let Us Worship—Kingdom to the Capitol Tour," Compl. ¶ 13, a tour that proved immensely successful.

In 2024, a third-party ministry watchdog organization gave SFM an unfavorable rating, due in part to the fact that SFM had not filed Form 990s with the IRS for several years. Compl. ¶ 25. That rating failed to account for the fact that SFM, as an association of churches, is not legally required to file Form 990s. *See* I.R.C. § 6033(a)(3)(A)(i). That rating appears to be the *entire* basis for this lawsuit. Plaintiff now alleges—without *anything* more than speculation—that the funds donated to NCF were not ultimately used to support the 2023 Let Us Worship tour, or to support worship activities in capitals and other cities. Compl. ¶ 30.

Plaintiff's claims are not only meritless—the tour took place and Defendants deny that the donation in question was not used for the designated purpose—but

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

– 2 –

**DEFENDANTS' MEMO ISO MOTION TO DISMISS**

Plaintiff has systematically failed to make out any cognizable legal claim at all. For that reason, Plaintiff's Complaint fails to state any basis upon which relief might be granted, and should be promptly dismissed.

## STANDARD OF REVIEW

The Court should dismiss the Complaint because this court lacks subject-matter jurisdiction over Let Us Worship, and otherwise fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(1), 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough *facts* to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (emphasis added). While at the motion to dismiss stage, a court must "accept as true all of the allegations contained in a complaint," that principle is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009). Thus, a court may not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.*

Since the Court is sitting in diversity jurisdiction, this Court applies California substantive law when analyzing Plaintiff's claims brought pursuant to state law. *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1005 (9th Cir. 2001).

## ARGUMENT

### I. PLAINTIFF'S CLAIMS AGAINST LET US WORSHIP SHOULD BE SEVERED AND DISMISSED.

At the outset, Plaintiff's claims against Defendant Let Us Worship should be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), because Plaintiff lacks standing to bring suit. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). As a factual matter, the Let Us Worship entity has no bank account, has received no funds (from plaintiff or otherwise), and has conducted no operations. *See* Ex. 1 (Anthony Affidavit); *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

– 3 –

motion to dismiss into a motion for summary judgment."). Accordingly, Let Us Worship cannot possibly have caused Plaintiff's alleged injury, and is not properly a party to this action. This Court should dismiss claims against it. In the alternative, the Court should exercise its discretion to sever and dismiss Let Us Worship as a party. *See* Fed. R. Civ. P. 21.

## II. BECAUSE PLAINTIFF'S DONATION WAS MADE TO A THIRD-PARTY ENTITY THAT EXERCISED ULTIMATE CONTROL, PLAINTIFF LACKS STANDING TO SUE.

Federal standing requirements are straightforward: "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Plaintiff can establish *none* of these prerequisites. And that is because, all throughout the complaint, plaintiff pervasively elides a critical—yet dispositive—distinction: *Plaintiff was not the relevant donor to Defendants.*[1]

Plaintiff did not cut a check to Defendants. Nor did Plaintiff make a restricted gift. Quite the contrary: Plaintiff donated to a third-party entity, the National Christian Foundation (NCF), which is a donor-advised fund that exercises ultimate control over all donated funds.

Plaintiff pleads no facts suggesting that its gift was a conditional gift or otherwise came with any legal strings attached. Accordingly, the alleged misuse of donor funds cannot have injured Plaintiff, *because it had no legal right in the funds at the time that Defendants allegedly received them*. Nor can Plaintiff show causation: any alleged injury was caused by *NCF's* donation of *NCF's* funds to

---

[1] Defendants refer to both SFM and Let Us Worship collectively as "Defendants," but as explained above, Let Us Worship does not have a bank account and should be dismissed under 12(b)(1).

– 4 –

DEFENDANTS' MEMO ISO MOTION TO DISMISS

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

Defendants. And similarly, Plaintiff's injury is not redressable: this court cannot order Defendants to return funds to a donor who previously gave them to NCF, because that would violate *NCF's* rights.

Each of these problems is independently fatal to Plaintiff's standing. No California court has *ever* held that a donor has standing to challenge a beneficiary's use of an unconditional donation, where that donation was made by a donor-advised fund that had ownership and ultimate control of the funds in question. Plaintiff might have been injured by NCF's conduct, or alternatively, NCF might have been injured by Defendants' conduct, but one thing is clear: Plaintiff cannot simply leapfrog NCF's involvement. Standing requires more.

### A.    Plaintiff Cannot Show an Injury-In-Fact.

The severest standing problem is apparent on the face of Plaintiff's Complaint. Plaintiff admits that "Mr. Bray caused funds . . . to be deposited from Plaintiff's accounts into a donor-advised fund with the National Christian Foundation, where Plaintiff (through Mr. Bray) maintained advisory control over the donation." Compl. ¶ 19. This admission is dispositive. Under California law, Plaintiff has not suffered an injury-in-fact, because it had no legal right in the funds once they were donated to NCF.

Donor-advised funds are third-party charitable giving vehicles that serve a unique purpose: they allow the donor to take a charitable-giving tax deduction in a particular year, while allowing the funds to be distributed to charity at a later point. *Pinkert v. Schwab Charitable Fund*, 48 F.4th 1051, 1052 (9th Cir. 2022). While these vehicles do benefit the ultimate recipients of charitable giving, donors themselves receive a clear financial advantage from using them: where "a donor expects to have an unusually high income in a particular year, he may wish to accelerate his planned donations for the next several years into that year so that he can take a larger charitable deduction to offset the additional income tax he would

**DEFENDANTS' MEMO ISO MOTION TO DISMISS**

otherwise owe." *Id.* at 1052–53. As a matter of federal law, when a donation is made to a donor-advised fund and a tax deduction is claimed, the donor-advised fund "has exclusive legal control over the assets contributed." 26 U.S.C. 170(f)(18)(B).

NCF, the donor-advised fund in question here, operates on precisely this basis—as it legally must. When a donor contributes to NCF, those funds become NCF's, consistent with federal law. The recipient may then claim a tax deduction for that year. And NCF goes on to exercise exclusive legal control over how those funds are used, as its website makes clear. *See, e.g.*, National Christian Foundation, *Comparing Donor-Advised Funds and Private Foundations* (accessed Apr. 20, 2026), https://www.ncfgiving.com/documents/ncf-considering-a-private-foundation/ (noting "ultimate control [is] by the sponsoring organization" and that "NCF has overall control").[2]

An original donor to a donor-advised fund has "advisory privileges" and may make nonbinding recommendations regarding disbursement of the original gift. 26 U.S.C. § 4966(d)(2)(A)(iii) (a donor to a donor-advised fund "has, or reasonably expects to have, advisory privileges with respect to the distribution or investment of amounts held in such fund or account by reason of the donor's status as a donor"). In practice, "[t]his means the donor can advise the sponsoring organization regarding how it should invest the funds and where it should donate them, but the sponsoring organization is not legally obligated to comply with the donor's advice." *Pinkert*, 48 F.4th at 1053. As other courts have held, donor

---

[2] The incorporation-by-reference doctrine permits consideration of a document where "the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681–82 (9th Cir. 2006) (incorporating employee health plan where the claims were premised upon plaintiff's coverage under the plan).

– 6 –

**DEFENDANTS' MEMO ISO MOTION TO DISMISS**

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

"recommendations are not binding on the sponsoring foundation." *Nat'l Heritage Found., Inc. v. Philadelphia Indem. Ins. Co.*, No. 1:12-CV-447, 2012 WL 5331570, at *1 (E.D. Va. Oct. 25, 2012); *Lapham Found., Inc. v. Comm'r*, 84 T.C.M. (CCH) 586, 2002 WL 31684678, at *15 (T.C. 2002), *aff'd*, 389 F.3d 606 (6th Cir. 2004) (where "contributions are made to a donor-advised fund, [a donor] cannot definitively earmark the moneys for any specific project. Rather, [a donor] is limited to making recommendations which [the fund] is not bound to, and will not necessarily, implement").

That was precisely the case with the donor-advised fund at issue in this case, as Plaintiff's Complaint tacitly concedes. *See* Compl. ¶ 20 ("Plaintiff *recommended* that the Donation be released to the Defendants for the noted purpose of '2023 worship at capitals [sic] and other cities'" (emphasis added)); *see also* National Christian Foundation, *Essential Guide to NCF's Giving Solutions* (accessed Apr. 20, 2026), https://www.ncfgiving.com/essential-guide-to-ncf-giving-solutions/, at 16-17 (NCF retains right to deny donor grant recommendations).

Because NCF—and not Plaintiff—had ownership of the funds in question, Plaintiff had no legal right to those funds and could not plausibly have been injured by Defendants' conduct. In *Pinkert*, the leading Ninth Circuit case on standing in the donor-advised fund context, the court could not have been clearer: when a donor contributes to a donor-advised fund, that donor "d[oes] not retain any 'right' to direct where the funds will be invested or donated." 48 F.4th at 1056; *see also Behrmann v. Nat'l Heritage Found.*, 663 F.3d 704, 707 n.1 (4th Cir. 2011) (donors to donor-advised fund may make "non-binding recommendations" but "otherwise relinquish all right and interest in the donated assets").

This is because the funds, once donated, are no longer the donor's. They are the property of the donor-advised fund, as other circuits agree. *See BP Expl. &*

– 7 –

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

*Prod., Inc. v. Claimant ID 100217946*, 919 F.3d 258, 264 (5th Cir. 2019) ("the Internal Revenue Code requires all charitable donations in donor-advised funds to be exclusively the funds of the non-profit"); *Nat'l Heritage Found., Inc. v. Highbourne Found.*, No. 13-1608, 2014 WL 2900933, at *1 (4th Cir. June 27, 2014), *on reh'g*, 760 F.3d 344 (4th Cir. 2014) (a donor-advised fund "owns and controls all of the donated assets"). The original donor, pursuant to law, retains *only* a "right to provide nonbinding advice." *Pinkert*, 48 F.4th at 1056; *see also Lapham Found.*, 84 T.C.M. at 586 (a donor-advised fund "is not bound by any donor's advice. The ultimate decision with respect to the timing, manner, or recipient of any distribution lies with [the fund]"). Accordingly, a donor "has no right to control how [the donor-advised fund] invests or donates the funds he contributed"—much less how the ultimate beneficiary of those contributed funds may choose to use them. *Pinkert*, 48 F.4th at 1056.

*Musk v. Altman*, 818 F. Supp. 3d 1109 (N.D. Cal. 2026), is not to the contrary. In that case, a district court found that a plaintiff donor had standing to sue the beneficiary of a donor-advised fund where the beneficiary did not comply with the terms of the charitable trust that made the contributions, and where the gift was a restricted gift. *Id.* at 1125. Here, Plaintiff has not pleaded facts or law sufficient to establish that its donation should be construed as a charitable trust. *See id.* at 1120. Nor does Plaintiff plead facts sufficient to establish that its gift was itself a restricted or conditional gift. *See Pinkert v. Schwab Charitable Fund*, No. 20-CV-07657-LB, 2021 WL 2476869, at *6 (N.D. Cal. June 17, 2021), *aff'd*, 48 F.4th 1051 (9th Cir. 2022); *see also L.B. Rsch. & Educ. Found. v. UCLA Found.*, 130 Cal. App. 4th 171, 180, 29 Cal. Rptr. 3d 710, 716 (2005) (finding donor standing because donor agreement could be construed as a "conditional contract" due to the existence of forfeiture provisions). Plaintiff here pleads only that it *recommended* to NCF that a contribution to Defendants be made for certain

**DEFENDANTS' MEMO ISO MOTION TO DISMISS**

purposes. Compl. ¶ 20. *Pinkert* governs in such circumstances and makes plain that the Plaintiff here "did not retain any 'right' to direct where the funds will be invested or donated." *Pinkert*, 48 F.4th at 1056.

In sum, because Plaintiff had no legal rights in its funds once donated to *NCF*, it cannot have been injured by Defendants' eventual use of them. *See Pinkert*, 2021 WL 2476869, at *5 ("Donors who 'parted with their interest in' and 'control over' their donated assets have no standing to complain.").

### B.    Plaintiff Cannot Show Causation.

Plaintiff's theory of causation fails for the same reasons. To show causation, an "injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up).

Here, Plaintiff's suit is predicated entirely on the conduct of a third party (NCF), and its ultimate decision to donate funds to Defendants. Without NCF's action, there would have been no alleged harm to Plaintiff. Defendants cannot therefore be deemed to have caused Plaintiff's injury, because the funds in question were not in fact provided by the Plaintiff. *Pinkert*, 2021 WL 2476869, at *3 (holding that in a donor-advised fund, "[t]he fund controls the donation, not the plaintiff").

### C.    Plaintiff Cannot Establish Redressability.

To have standing, Plaintiff must establish that its "injury would likely be redressed by judicial relief." *TransUnion*, 594 U.S. at 423. Plaintiff, however, cannot do so. Among other relief, Plaintiff prays for "restitution and disgorgement of all funds fraudulently obtained from Plaintiff." Compl. at 11. There is a fundamental problem with this request: even were this lawsuit meritorious (it is not), the funds were donated by NCF, NCF is not a party to this action, and the Court cannot order restitution to *Plaintiff* without violating NCF's rights. Plaintiff

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

– 9 –

pleads zero facts suggesting that NCF has surrendered legal claim to the funds it donates. And Plaintiff therefore fails to clear the redressability threshold.

### III. PLAINTIFF FAILS TO PLEAD A VIABLE CAUSE OF ACTION

#### A. Plaintiff Fails to Plead a Cause of Action for Fraudulent Misrepresentation.

At California law, a plaintiff alleging fraudulent misrepresentation must show (1) a misrepresentation, (2) knowledge of falsity, (3) intent to defraud, (4) justifiable reliance, and (5) damages. *Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638, 909 P.2d 981, 984 (1996). Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, allegations of fraud must also be pled with particularity. *Ives v. Allstate Ins. Co.*, 520 F. Supp. 3d 1248, 1257 (C.D. Cal. 2021). This means that "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiff's Complaint falls woefully short of this standard and should be dismissed.

Start with misrepresentation. Plaintiff alleges no facts sufficient to establish that the funds in question were not, in fact, used for their intended purpose. Instead, in highly general terms, Plaintiff appeals to "information derived from internal financial records and individuals with direct knowledge of Defendants' financial practices" to support a hypothesis that "funds solicited for specific ministry initiatives . . . were not used exclusively for the purposes represented to donors and were instead diverted[.]" Compl. ¶ 23.

And yet Plaintiff cites precisely *none* of this supposed "information derived from internal financial records," details *none* of the contents of said information, and identifies *no* "individuals with direct knowledge." This is far less than even hearsay; it is reliance on hearsay, the contents of which *do not even make the Complaint*. Moreover, Plaintiff does not allege *any* facts suggesting that *Plaintiff's* donation was among the allegedly diverted funds. "It is settled law that a pleading

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

– 10 –

must allege facts and not conclusions, and that material facts must be alleged directly and not by way of recital." *Ankeny v. Lockheed Missiles & Space Co.*, 88 Cal. App. 3d 531, 535, 151 Cal. Rptr. 828, 832 (Ct. App. 1979). Because no such material facts are alleged here, the fraud claim must fail.

The *sole* fact actually alleged by Plaintiff with any specificity is the bare existence of a third-party evaluation that drew attention to Defendants' decision "not to file Form 990's after fiscal year 2020" and the purchase of real estate. Compl. ¶ 25. But this, without more, cannot bear the weight Plaintiff places upon it. For one thing, as entities classified for IRS purposes as an organization of churches, neither SFM nor Let Us Worship are required to file Form 990s. *See* I.R.C. 6033(a)(3)(A)(i). The lack of 990s is not evidence of anything untoward, but perfectly appropriate given that tax classification. And needless to say, the acquisition of real estate by a ministry is neither unusual nor wrongful. Were that the rule, a church could not build a sanctuary, nor a pregnancy care center a home for expectant mothers.

All of this is saying nothing of the *higher* bar plaintiff must clear in order to successfully plead a fraud claim. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) ("[G]eneral pleadings do not satisfy the heightened pleading requirements of Rule 9(b)."). Judged by this standard, the Complaint's deficiencies are even more glaring.

Among other problems, Plaintiff does not state what Mr. Feucht actually said during their in-person meeting "[o]n or about March 6, 2023." Compl. ¶¶ 12–13. Similarly, Plaintiff gestures vaguely towards "various communications" including supposed "emails and written materials" in which "representations" were made to Plaintiff and its agents, Compl. ¶ 14, but details none of them. That is not enough: allegations of fraud must be *specific*. "[W]hen averments of fraud are made, the circumstances constituting the alleged fraud [must] be specific enough to

– 11 –

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106; *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation omitted) (plaintiff alleging fraud must identify the "specific content of the false representations"). Without more, Defendants—and the Court—have no way of knowing the actual basis for Plaintiff's claim of fraud.

Other elements of Plaintiff's fraud claim fare no better. Plaintiff cites no facts supporting Defendants' knowledge of falsity—much less at the time those alleged statements were made. *Beckwith v. Dahl*, 205 Cal. App. 4th 1039, 1061–62, 141 Cal. Rptr. 3d 142, 161 (2012) ("A promise is only false if the promisor did not intend to perform the promise when it was made[.]"). Nor can Plaintiff do so, because Defendants' representations were *not* false. Similarly, Plaintiff cites zero facts showing an intent to defraud.

Nor, furthermore, does Plaintiff adequately plead reliance. A "plaintiff's assertion of having relied on Defendants' misrepresentations" is "conclusory language [that] does not satisfy the specificity requirement." *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 184, 65 P.3d 1255, 1265 (2003). Instead, a "plaintiff must allege actions, as distinguished from unspoken and unrecorded thoughts and decisions, that would indicate that the plaintiff actually relied on the misrepresentations." *Id.*

Here, any actual reliance is contradicted by the face of Plaintiff's complaint. Plaintiff alleges that Mr. Feucht represented that donated funds would support the 2023 "Let Us Worship—Kingdom to the Capitol Tour." Compl. ¶ 13; *see also* Compl. ¶ 23 (alleging that "funds [were] solicited for specific ministry initiatives"). At the same time, Plaintiff simultaneously pleads that the actual language of its donation recommendation was the much more generic purpose of "2023 worship at capitals and other cities." Compl. ¶ 20. Plaintiff cannot

– 12 –

**DEFENDANTS' MEMO ISO MOTION TO DISMISS**

coherently allege that it relied on Mr. Feucht's representations that the funds would be used for a specific narrow purpose, when the only documentation cited *by Plaintiff* indicates that the funds were recommended to be released for a much more open-ended purpose. Further, Plaintiff's concerns about SFM's ministry status ring hollow because the ministry was not obliged to file Form 990s and had not done so for years *before* Plaintiff made the recommendation.

Finally, given the facts of this case, Plaintiff cannot plead that it suffered any damages at all, because Plaintiff *already received* the benefit to which it was entitled—the tax deduction associated with its contribution to NCF, a donor-advised fund. *Pinkert*, 48 F.4th at 1052–53. Once NCF took control of the funds in question and contributed them to Defendants, the only entity that could have suffered any "damages" was NCF, and NCF is not a party to this litigation.

In light of these deficiencies, Plaintiff falls back on conclusory allegations of wrongdoing—such as the claim that the funds in question were "allegedly misappropriated and commingled with Mr. Feucht's personal funds," Compl. ¶ 24, or that "one or both of Defendants diverted some or all of Plaintiff's Donation for non-charitable purposes, such as the purpose of personal assets[.]" Compl. ¶ 26. That will not do. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In the end, Plaintiff's fraud claim amounts to citing unidentified sources, making nonspecific allegations of generalized malfeasance, in order to tell a story about something it speculates happened to a particular donation, which Plaintiff previously gave to a third-party entity and over which Plaintiff subsequently ceded ultimate control. That comes nowhere close to meeting the standard necessary to survive a motion to dismiss. Where "facts do not permit the court to infer more than the *mere possibility* of misconduct, the complaint has alleged—*but it has not*

– 13 –

*shown*—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (cleaned up) (emphases added). Just so here.

### B.  Plaintiff Fails to Plead a Cause of Action for Negligent Misrepresentation.

At California law, a plaintiff alleging negligent misrepresentation must show (1) misrepresentation of a material fact without reasonable ground for believing it true, and with intent to induce reliance, (2) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom the misrepresentation was made, and (3) damages. *Home Budget Loans, Inc. v. Jacoby & Meyers L. Offs.*, 207 Cal. App. 3d 1277, 1285, 255 Cal. Rptr. 483, 487 (Ct. App. 1989).

Plaintiff satisfies none of these elements. As explained above, Plaintiff has not shown that any material facts were misrepresented, because Plaintiff has pleaded no *facts* tending to show that the donation originally sourced from Plaintiff was diverted to an improper purpose. Likewise, Plaintiff has pleaded no facts establishing ignorance of the truth at the time the alleged misrepresentation was made, much less any reliance on such a misrepresentation. This is hardly surprising because Plaintiff has pleaded no *facts* showing that Defendants' representations *were not in fact* truthful. And, as before, Plaintiff can show no damages, because the funds ceased to be Plaintiff's upon donation to NCF.

### C.  Plaintiff Fails to Plead a Cause of Action for Unfair Business Practices.

In the absence of supporting facts that might shape and inform its theory of the case, Plaintiff attempts to cobble together a hybrid theory in which Defendants engaged in unlawful, *or* fraudulent, *or* unfair business practices. *See* Cal. Bus. & Prof. Code § 17200. But none of these variants are adequately pled.

A suit for "unlawful" business practices is predicated upon a plaintiff's successful allegation that the party in question violated *other laws*. *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1383, 137 Cal. Rptr. 3d 293, 326 (2012), *as modified on denial of reh'g* (Feb. 24, 2012). Here, Plaintiff ties its

– 14 –

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

unlawful-practices claim to its allegations of fraudulent and negligent misrepresentation. Compl. ¶ 56. Since those claims fail, as previously shown, so too does plaintiff's claim of unlawful business practices.[3]

A suit for "fraudulent" business practices requires that a plaintiff show that members of the public are likely to be deceived by a particular practice. *Kaldenbach v. Mut. of Omaha Life Ins. Co.*, 178 Cal. App. 4th 830, 847, 100 Cal. Rptr. 3d 637, 650 (2009), *as modified* (Oct. 26, 2009). Because Plaintiff has not alleged any *facts* that show any deception actually occurred, this claim similarly fails. Nor has Plaintiff alleged that Defendants are engaged in any "practice" directed at the "public" (such as false advertising) that would even make this claim intelligible.

As for Plaintiff's claim of "unfair" business practices, California courts are divided on the precise legal standard to be employed. Some describe an "unfair" practice as "one that offends established public policy, that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, or that has an impact on the victim that outweighs defendant's reasons, justifications, and motives for the practice." *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 907, 153 Cal. Rptr. 3d 546, 574–75 (2013), *as modified on denial of reh'g* (Mar. 7, 2013). Other courts have held "that the public policy which is a predicate to a claim under the 'unfair' prong of the UCL must be tethered to specific constitutional, statutory, or regulatory provisions." *Id.*

Plaintiff's claim fails under either standard. Regarding the "unfairness" standard, Plaintiff merely asserts in conclusory fashion—rather than *showing*—that Defendants' conduct offends public policy and inflicts harm. That does not a well-pleaded allegation make. On the second interpretation, Plaintiff pleads no

---

[3] Plaintiff refers in passing to "other laws" that Defendants allegedly violated, presumably in addition to plaintiff's allegations of fraudulent or negligent misrepresentation, but fails wholly to specify what these other laws may be.

– 15 –

**DEFENDANTS' MEMO ISO MOTION TO DISMISS**

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

constitutional, statutory, regulatory or other provision that Defendants have allegedly violated, and so the claim must fail.

> ### D.     Plaintiff Fails to Plead a Cause of Action for Civil Theft by False Pretenses.

At California law, a party alleging theft by false pretenses must establish (1) intentional deception via a false pretense or representation, (2) a purpose to obtain another party's money, labor, or property, (3) reliance, and (4) proof that the false pretense was made. *See* Cal. Penal Code § 532.

As previously noted, Plaintiff has pleaded no *facts* sufficient to establish that any deception occurred. Nor can Plaintiff coherently claim that it is the "other party" from whom property was allegedly obtained under false pretenses. That is because the funds in question were no longer Plaintiff's property when Defendants' allegedly received them. They were *NCF's* property. Even assuming for purposes of argument that these funds were improperly obtained, Defendants did not obtain them from Plaintiff, and so any civil-theft claim is unsustainable. And, as previously noted, Plaintiff's own complaint contradicts any theory of reliance.

Finally, the proof element requires the existence of a false token or writing, a writing of the false pretense, the testimony of two witnesses, or the testimony of one witness and corroborating circumstances. *People v. Gentry*, 234 Cal. App. 3d 131, 135, 285 Cal. Rptr. 591 (Ct. App. 1991). Plaintiff adduces none, nor pleads any facts sufficient to suggest that any such proof exists. The closest Plaintiff comes is a passing remark that certain "representations were made through various communications over a period of time, including emails and written materials, in addition to direct communications with Plaintiff and/or Plaintiff's agents." Compl. ¶ 14. But no such allegedly false materials are *ever* cited, detailed, or attached to the Complaint, despite presumably existing within Plaintiff's control. This does not make out a theft-by-false-pretenses claim.

– 16 –

**DEFENDANTS' MEMO ISO MOTION TO DISMISS**

## IV.   PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM, AND CIVIL THEFT CLAIM FOR TREBLE DAMAGES, ARE TIME-BARRED.

Plaintiff's Complaint was filed on March 6, 2026. That means several of Plaintiff's causes of action, which date back to March 2023, are time-barred. And Plaintiff fails to plead a single fact that would counsel in favor of applying California's discovery rule, which starts the statute of limitations running from the date of discovery of the alleged injury.

Start with the clear text of the law. At California law, the statute of limitations for a negligent misrepresentation claim is two years. Cal. Civ. Proc. Code § 339 (governing timing of "[a]n action upon a contract, obligation or liability not founded upon an instrument of writing"); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). And for a civil theft claim pursuant to California Penal Code § 496(c), a one-year statute of limitations applies to the claim for treble damages, as provided by statute. Cal. Civ. Proc. Code § 340 (one-year statute of limitations applicable to "[a]n action upon a statute for a penalty or forfeiture"); *Tu Le v. Prestige Cmty. Credit Union*, No. 8:22-CV-00259-JVS (KESX), 2023 WL 9689133, at *9 (C.D. Cal. Nov. 6, 2023).

Plaintiff's Complaint plainly alleges that all the events relevant to this suit transpired more than three years ago. *See* Compl. ¶ 11–12 (meeting between Sean Feucht and Steve Bray on March 6, 2023); Compl. ¶ 13 (representations alleged to have been made by Sean Feucht on March 6, 2023); Compl. ¶ 20 (Steve Bray recommends release of funds to defendants); Compl. ¶ 21 (donation clears "on or about March 13, 2023"). On their face, Plaintiff's negligent misrepresentation cause of action, and the treble damages claim stemming from Plaintiff's civil theft cause of action, are barred by the applicable statutes of limitations.

To be sure, California law recognizes a discovery rule under which the statute of limitations for a claim begins to run at the point when (1) a Plaintiff

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

– 17 –

actually discovers his injury and its cause, or (2) a Plaintiff *could have*, by exercising reasonable diligence, discovered that injury and its cause. *Moreno v. Sanchez*, 106 Cal. App. 4th 1415, 1423, 131 Cal. Rptr. 2d 684, 689 (2003). But this discovery rule does not operate automatically. Facts sufficient to justify its application must be affirmatively pled. "In order to rely on the discovery rule for delayed accrual of a cause of action, a plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808, 110 P.3d 914, 920–21 (2005) (emphasis in original) (cleaned up).

Here, Plaintiff pleads no facts sufficient to establish either prong—indeed, Plaintiff pleads no such facts at all. There is nothing whatsoever in Plaintiff's Complaint discussing how or when Defendants' alleged misconduct was discovered. There is nothing in the Complaint discussing any exercise of diligence on Plaintiff's part. Indeed, there is no recognition that the statute of limitations for these causes of action poses a problem at all. That silence cannot be squared with California pleading law, which requires a plaintiff attempting "to adequately allege facts supporting a theory of delayed discovery" to plead that, "despite diligent investigation of the circumstances of the injury, he or she could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period." *Id.*

Under California law, plaintiffs must act diligently to vindicate their legal rights. *Smith v. Davis*, 953 F.3d 582, 591 (9th Cir. 2020) (cleaned up) ("At their core, statutes of limitations require plaintiffs to pursue diligent prosecution of known claims, and protect defendants against stale or unduly delayed claims."). Here, Plaintiff has not met that standard. In the absence of any reason to conclude

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

– 18 –

**DEFENDANTS' MEMO ISO MOTION TO DISMISS**

otherwise, the statute of limitations for Plaintiff's negligent misrepresentation claim, and the portion of Plaintiff's civil theft claim seeking treble damages, has clearly expired. These claims should therefore be dismissed.

## V.   THE CHURCH AUTONOMY DOCTRINE BARS PLAINTIFF'S SUIT.

Above and beyond the timing, standing, and pleading failures that doom Plaintiff's complaint, Plaintiff's suit is likely barred in full by the church autonomy doctrine, which "protects First Amendment values by prohibiting courts from resolving controversies over religious doctrine and practice." *Huntsman v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, 127 F.4th 784, 792 (9th Cir. 2025) (citation omitted). As a general rule, "[w]here the church autonomy doctrine applies, its protection is total. That is because the doctrine is a constitutional immunity from suit." *McRaney v. N. Am. Mission Bd. of the S. Baptist Convention, Inc.*, 157 F.4th 627, 641 (5th Cir. 2025).

The church autonomy doctrine 'protect[s] the right of churches and other religious institutions to decide matters of faith and doctrine' without the 'intrusion' of secular courts." *McRaney*, 157 F.4th at 635 (quoting *Our Lady of Guadalupe School v. Morrissey-Berru*, 591 U.S. 732, 746 (2020)). Here, the faith-and-doctrine bar is readily cleared: Mr. Feucht is not merely a secular musician, but a pastor and worship leader. The "Let Us Worship—Kingdom to the Capitol Tour"—which no party appears to dispute *did take place*, *see* Compl. ¶ 30—was not merely a succession of secular musical performances, but a series of worship events. And SFM—as previously noted—is organized as a group of churches, which explains why the organization did not file Form 990s with the IRS. *See* Compl. ¶ 25; *see also* Internal Revenue Service, *Tax Exempt Organization Search: Sean Feucht Ministries Inc.* (accessed June 3, 2026) (listing SFM's status); Internal Revenue Service, *Tax Exempt Organization Search: Let Us Worship* (accessed June 5, 2026) (listing Let Us Worship's status). Accordingly, this is not properly classified

– 19 –

**DEFENDANTS' MEMO ISO MOTION TO DISMISS**

as a "purely secular dispute[]" in which garden-variety tort principles apply. *Gen. Council on Fin. & Admin. of United Methodist Church v. Superior Ct. of California, San Diego Cnty.*, 439 U.S. 1355, 1373 (1978) (Rehnquist, J.).

The courts of appeals have long recognized that where an ecclesiastical body "ma[kes] a decision on how it would expend funds raised by the church for religious purposes, which directly relate[] to its outreach ministry," such a decision "falls within the ecclesiastical sphere that the First Amendment protects from civil court intervention." *Bell v. Presbyterian Church (U.S.A.)*, 126 F.3d 328, 332–33 (4th Cir. 1997). That principle holds true here. At issue in this case is how Defendants carried out "specific ministry initiatives," Compl. 23, such as "outdoor worship events," Compl. 16, with the assistance of donor funds. But countless other church bodies across the United States do just this—hosting worship services, often comprising a structured series, that involve music, preaching, and teaching. Allowing this suit to proceed risks inviting disgruntled congregants, upset with the practices of their respective ecclesial bodies, to attack and undermine churches' worship practices by alleging that their tithes or offerings were misused. That will foster precisely the sort of entanglement with religious doctrine that courts are ill-equipped to adjudicate. *See Huntsman*, 127 F.4th at 812 (Bumatay, J., concurring) ("Tithes are a historically sensitive area of a church's independence from the state.").

The Court should hold that Plaintiff's claims against Defendants, because they seek to regulate an ecclesial organization's use of offerings in support of worship activities, are barred by the church-autonomy doctrine, and dismiss this suit in full.

## CONCLUSION

The Court should dismiss with prejudice.

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

**DEFENDANTS' MEMO ISO MOTION TO DISMISS**

**DATED:  June 5, 2026**

THE ALVAREZ FIRM

  **/s/ David A. Shaneyfelt**

**David A. Shaneyfelt**
**Mitchell A. Enriquez**
**Attorneys for Defendants**
**SEAN FEUCHT MINISTRIES, INC. and**
**LET US WORSHIP**

**LEX POLITICA PLLC**

  **/s/ John S. Ehrett**

**John S. Ehrett**
**Erin Morrow Hawley**
**Attorneys for Defendants**
**SEAN FEUCHT MINISTRIES, INC. and**
**LET US WORSHIP**

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

– 21 –

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1

The undersigned, counsel of record for Defendants SEAN FEUCHT MINISTRIES, INC. and LET US WORSHIP, certifies that this brief contains 6,429 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 5, 2026                    ___/s/ David A. Shaneyfelt_____
                                              David A. Shaneyfelt

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

**DEFENDANTS' MEMO ISO MOTION TO DISMISS**

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

## CERTIFICATE OF SERVICE

I, David A. Shaneyfelt, an attorney, hereby certify that on June 5, 2026, I caused a copy of the foregoing document to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Central District of California, on all parties registered for e-filing in Case Number 8:26-cv-00527-DOC-KES. Counsel of record are required by the Court to be registered e-filers, and as such, are automatically e-served with a copy of the documents upon confirmation of e-filing.

          /s/ David A. Shaneyfelt_____
          David A. Shaneyfelt

---

**DEFENDANTS' MEMO ISO MOTION TO DISMISS**

**Exhibit 1**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| S.R. BRAY, LLC,<br><br>               Plaintiff,<br><br>      v.<br><br>SEAN FEUCHT MINISTRIES and LET US WORSHIP,<br><br>               Defendants. | Civil Action No. 8-26-cv-00527-DOC-KES<br><br><br>**DECLARATION OF JOHN ANTHONY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS LET US WORSHIP UNDER 12(b)(1).** |

I, John Anthony, do hereby declare and state as follows:

1. I am an attorney admitted to practice in the State of Texas, and focus in nonprofit law. I have provided legal services to Defendant Sean Feucht Ministries since December 9, 2021.

2. This Declaration is being submitted for the limited purpose of supporting Let Us Worship's Motion to Dismiss for lack of subject matter jurisdiction under 12(b)(1) in the above-captioned matter.

3. The statements made in this Declaration are based on the knowledge acquired by me in the performance of my professional duties.

2. In June of 2023, I filed the forms and took all other requisite steps to create defendant Let Us Worship, a Texas nonprofit corporation organized under

1

26 U.S.C. § 501(c)(3). The registered address for Let Us Worship is 371 West Byron Nelson Boulevard, Roanoke, Texas 76262.

3.　　The Let Us Worship entity was created in anticipation of possible future operations, by defendant Sean Feucht Ministries and its principal Sean Feucht, in the State of Texas.

4.　　There is and has been no connection, direct or indirect, between the Let Us Worship corporate entity and the 2023 "Let Us Worship—Kingdom to the Capitol Tour."

5.　　The Let Us Worship entity has no bank account and has never accepted any funds of any sort, from any source.

Having reviewed this Declaration, I declare, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Respectfully submitted,

Dated: June 5, 2026

_____
John Anthony
TX Bar: 24073854
371 W. Byron Nelson Blvd.
Roanoke, Texas 76262

2