JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00527-DOC-KES Date: September 9, 2026

Title: S.R. Bray, LLC v. Sean Feucht Ministries, Inc. et al

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Miriam Baird |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS): ORDER GRANTING MOTION TO DISMISS [26]**

Before the Court is a Motion to Dismiss ("Motion" or "Mot.") (Dkt. 26) brought by Defendants Sean Feucht Ministries and Let Us Worship (collectively "Defendants"). Having reviewed the moving papers submitted by the parties and after hearing oral arguments, the Court **GRANTS** Defendants' Motion to Dismiss and allows Plaintiff leave to amend. Therefore, the hearing set for September 14, 2026 is hereby vacated.

## I. Background

### 1. Facts

Plaintiff brings the present action against Sean Feucht Ministries ("SFM") and Let Us Worship ("LUW") for fraudulently soliciting a charitable donation from Plaintiff. Complaint ("Compl.") at 2. Plaintiff pleads four counts as to all Defendants: (i) fraudulent misrepresentation; (ii) negligent misrepresentation; (iii) unfair business practices under Cal. Bus. & Prof. Code § 17200; and (iv) civil theft by false pretenses under Cal. Penal Code § 496(c), entitling Plaintiff to treble damages.

Plaintiff is alleging that the funds Defendants solicited for specific ministry initiatives, specifically the 2023 Let Us Worship – Kingdom to the Capitol Tour ("2023 Tour"), were not used exclusively for the purposes represented to donors. Compl. ¶ 23 (quotations omitted). Instead, Plaintiff contends the funds were diverted, in whole or in part, to other uses controlled by John Christopher "Sean" Feucht ("Mr. Feucht"), who founded Defendant SFM and LUW nonprofit corporations. *Id.*

Steve Bray ("Mr. Bray") is the principal and majority member of Plaintiff and has maintained authority to act on behalf of Plaintiff. Compl. ¶¶ 4-5. On March 6, 2023, Mr. Feucht and Mr. Bray met in person at Plaintiff's office in Anaheim, California. *Id.* at ¶ 11. Plaintiff contends that on this date, Mr. Feucht visited Mr. Bray in his capacity as founder and agent for Defendants, for the purposes of soliciting a charitable donation for one or both of the Defendants. *Id.* at ¶ 12. Specifically, Mr. Feucht orally represented to Mr. Bray that any donated funds would be used to support the 2023 "Let Us Worship – Kingdom to the Capitol Tour," which purportedly aimed to bring Christian worship, prayer, and revival to the centers of state government in all fifty states. *Id.* at ¶ 13 (quotation marks omitted).

Plaintiff claims that Mr. Feucht made representations through various communications over a period of time, including emails, written materials, and direct conversations. Compl. at ¶ 14. For example, Mr. Feucht presented Plaintiff with Defendant SFM's "confidential financial statements for fiscal year 2022. *Id.* at ¶ 15. The financial statements highlighted SFM's outdoor worship events, described more than $5 million raised in 2022, and noted that the average cost per event was $21,786. *Id.* at ¶ 16. The statement also noted more than $4 million in "designated giving and funds in reserve for special projects." *Id.* at ¶ 17. Mr. Feucht did not suggest or indicate that any solicited funds would be utilized for his personal benefit at any time. *Id.* at ¶ 18.

Having relied on Mr. Feucht's representations, Mr. Bray deposited $250,000 ("Donation") from Plaintiff's account into a donor-advised fund with the National Christian Foundation ("NCF"). Compl. ¶ at 19. Plaintiff, through Mr. Bray, maintained advisory control over the Donation. On March 7, 2023, Plaintiff recommended that the Donation be released to the Defendants for the noted purpose of "2023 worship at capitals [sic] and other cities." *Id.* at ¶ 20; Opposition to Defendant's Motion to Dismiss ("Opp.") at Exhibit B. On March 13, 2023, Plaintiff's Donation cleared to "Let Us Worship (Sean Feucht Ministries)." *Id.* at 21; Opp. at Exhibit B.

Based on information derived from internal financial records and individuals with direct knowledge of Defendants' financial practices, Plaintiff contends that funds solicited for specific ministry initiatives, including the 2023 Tour, were not used exclusively for the purposes represented to donors. Compl. at ¶ 23. Instead, Plaintiff alleges that solicited funds – including some or all of Plaintiff's Donation – were diverted, in whole or in part, to other uses controlled by Mr. Feucht. *Id.* at ¶¶ 23, 26. According to information derived from individuals with direct knowledge of Defendants' financials, Plaintiff contends that Defendants' funds were misappropriated and commingled with Mr. Feucht's personal funds used to purchase personal assets such as real estate. *Id.* at ¶¶ 24, 26. In 2024, SFM received an "F" rating from a nonprofit watchdog (MinistryWatch) due to Mr. Feucht's lavish real estate accumulation and SFM's failure to file Form 990s after fiscal year 2020. *Id.* at ¶ 25. On information and belief, Plaintiff alleges that one or both Defendants took, appropriated, obtained, and retained Plaintiff's personal property for a wrongful use or with the intent to defraud, or both through the actions of Mr. Feucht. *Id.* at ¶ 27. Accordingly, Plaintiff contends that as a direct and proximate result of Mr. Feucht's misrepresentations, Plaintiff was fraudulently induced to direct charitable funds under its advisory control to purposes other than for the 2023 Tour. *Id.* at ¶ 30. This caused Plaintiff damage, entitling it to recover all appropriate legal and equitable relief. *Id.*

### 2. Procedural History

On March 6, 2026, Plaintiff filed a Complaint ("Compl.") against Defendants (Dkt. 1). On June 5, 2026, Defendants filed their Motion to Dismiss ("Mot.") (Dkt. 26). Plaintiff filed their Opposition to the Motion to Dismiss ("Opposition" or "Opp.") on July 6, 2026 (Dkt. 30). Defendants filed their Reply in support of their Motion to Dismiss on July 13, 2026 (Dkt. 33).

## II. Legal Standard

### a. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond

the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. See *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments and thus leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

**b. Rule 9(b)**

Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The heightened pleading requirements of Rule 9(b) are designed "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."

*Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993). In order to provide this required notice, "the complaint must specify such facts as the times, dates, places, and benefits received, and other details of the alleged fraudulent activity." *Id.* at 672. Further, "a pleader must identify the individual who made the alleged representation and the content of the alleged representation." *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1094 (C.D. Cal. 1999).

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See*, *e.g.*, *Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

## III. Discussion

### a. Article III Standing

Defendant disputes that Plaintiff has Article III standing. Federal standing requires: "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). At the pleading stage, a plaintiff is "not required to prove these elements, but he is required to allege facts that, when accepted as true, show that they are satisfied." *Pinkert v. Schwab Charitable Fund*, 48 F.4th 1051, 1054 (9th Cir. 2022) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561).

As a threshold matter, the Complaint does not lack subject-matter jurisdiction. There is Article III standing because Plaintiff alleges injury due to the violation of Plaintiff's right to be free from fraudulent inducement to part with a quarter of a million of his dollars. Opp. at 13. Plaintiff claims he would not have parted with this money but for the representations of Defendants and that his donating was clearly marked for Defendants. *Id.* Further, Plaintiff names several paths towards redressability that do not hinge on Plaintiff simply being refunded the monies lost. Opp. at 15. Since all criterion for standing have been met, the Court proceeds to an analysis of the claims.

**b. Plaintiff's Claims are Insufficiently Pled**

Plaintiff brings four claims alleging (1) fraudulent misrepresentation, (2) negligent misrepresentation, (3) unfair business practices, and (4) civil theft by false pretenses. The Court finds each of these claims is not sufficiently pled.

The Ninth Circuit has held that "allegations of fraud based on information and belief usually do not satisfy the particularity requirements under rule 9(b)." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Here, Plaintiff claims to be entitled to bring these claims because Plaintiff "identified their source: internal financial records and individuals with direct knowledge of Defendants' financial practices." Reply at 22 (citing Compl. at ¶¶ 23-25). However, Defendants contend that Plaintiff fails the heightened standard under Rule 9(b). Mot. at 10. The Court agrees with Defendant. Plaintiff fails to identify the specific sources upon which their claims are based – it is unclear which internal financial records Plaintiff relies on, which individuals have direct knowledge, and the particulars of said knowledge. Without this information, it is "difficult to imagine how [Defendants] could respond to the complaint other than by generally denying" the claims. *Neubronner*, 6 F.3d at 672. For these reasons, Plaintiff's fraudulent misrepresentation claims fail the heightened pleading standard under Rule 9(b).

Plaintiff also pleads a cause of action for negligent misrepresentation and California law requires Plaintiff to show: (1) misrepresentation of a material fact without reasonable ground for believing it true, and with intent to induce reliance, (2) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom the misrepresentation was made, and (3) damages. *Home Budget Loans, Inc. v. Jacoby & Meyers L. Offs*., 207 Cal. App. 3d 1277, 1285, 255 Cal. Rptr. 483, 487 (Ct. App. 1989). Plaintiff argues Defendants misrepresented material facts by indicating Plaintiff's Donation would be used for "legitimate charitable purposes … and not for personal or non-charitable uses." Compl. at ¶ 45. Defendants respond that Plaintiff failed to plead underlying factual bases for any purported misrepresentation. Mot. at 14. The Court agrees with Defendant. No factual basis is provided to support the assertion that funds provided by Plaintiff to the Defendants are the *same* funds diverted by Defendants toward alleged "fraudulent conduct." Compl. at ¶ 52. Likewise, there is no factual explanation as to whether Defendants made the representations without reasonable grounds for believing them to be true; Plaintiff concludes that this is true without explaining how or why.

Because no statements of material fact have been pleaded, Plaintiff's negligent misrepresentation claim is dismissed.

California's unfair competition statute § 17200 "establishes three varieties of unfair competition." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007); Cal. Bus. & Prof. § 17200. Accordingly, "[a]n act can be alleged to violate any or all of the three prongs of the UCL – unlawful, unfair, or fraudulent." *Id.* Here, Plaintiff's theory of "unlawful" practice relies on allegations that Defendants violated statutory law by committing civil theft by false pretenses under Cal. Penal Code § 496(c) or in the alternative, common law by making fraudulent or negligent misrepresentations. Opp. at 23. As stated above, Plaintiff has failed to plead causes of action for fraudulent or negligent misrepresentations and as shown below, Plaintiff has likewise failed to demonstrate civil theft by false pretenses. Second, Plaintiff's theory that Defendants' conduct was "unfair" relies on Plaintiff's initial fraudulent solicitation theory. *Id.* Third, Plaintiff argues that fraudulent practices may occur even when "no one was actually deceived, relied upon the fraudulent practice, or sustained any damage. Instead, it is only necessary to show that members of the public are likely to be deceived." *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1274 (2006). Here, Plaintiff has not shown that members of the public likely would have been deceived, or that the funds were misused. Because Plaintiff fails to establish "unlawful, unfair, or fraudulent conduct," Plaintiff's unfair competition claim is dismissed.

A claim for civil theft by false pretenses under California law must establish: (1) intentional deception via a false pretense or representation, (2) a purpose to obtain another party's money, labor, or property, (3) reliance, and (4) proof that the false pretense was made. *See* Cal. Penal Code § 532. At issue here is what has been previously discussed—the lack of specificity in the facts pled to establish intentional deception. There was no testimony provided, false tokens or writing, or corroborating witnesses mentioned. Because the elements for civil theft by false pretenses have not been sufficiently pled, this claim is dismissed.

The Court does not presently reach the issue of whether Plaintiff's negligent misrepresentation and treble damages for civil theft claims are time-barred. However, consistent with the Court's observations above, facts should be pled to show both the "time and manner of discovery" and the "reasonable diligence" exercised by the Plaintiff

with respect to both claims. *Fox v. Ethicon Endo-Surgery, Inc*., 35 Cal. 4th 797, 808-09, 110 P.3d 914, 920–21 (2005).

**c. Church Autonomy Doctrine**

The Church Autonomy Doctrine "protects First Amendment values by prohibiting courts from resolving controversies over religious doctrine and practice." *Huntsman v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, 127 F.4th 784, 792 (9th Cir. 2025) (citing *Presbyterian Church in U.S. v. Mary Elizabeth Blue Hull Mem'l Presbyterian Church*, 393 U.S. 440, 449 (1969)) (quotation marks omitted). Defendants assert that because the issue pertains to misuse of the donated funds, the Church Autonomy bars this suit. However, Plaintiff clarifies that the central issue is not of misuse, but of fraudulent misrepresentation to solicit funds. As a result, Plaintiff's fraud claims do not concern matters of Church doctrine or policy, and the Church Autonomy Doctrine does not bar Plaintiff's suit.

**d. Let Us Worship**

Defendants challenge Plaintiff's claims against LUW on the basis of lacking subject-matter jurisdiction pursuant to Rule 12(b)(1). Mot. at 3. Defendants' factual challenge is premised on an affidavit by attorney John Anthony ("Anthony Affidavit"). *Id.*; *see generally* Mot. Exhibit 1. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In the Anthony Affidavit, Mr. Anthony claims that he "filed the forms and took all other requisite steps to create defendant Let Us Worship, a Texas nonprofit corporation organized under 26 U.S.C. § 501(c)(3)." Mot. Exhibit 1 ¶ 2. Mr. Anthony also claims that LUW has no direct or indirect connection to the 2023 "Let Us Worship – Kingdom to the Capitol Tour." *Id.* at ¶ 3. Mr. Anthony contends that the LUW corporate entity does not have a bank account, nor has it ever received any funds from any source, including Plaintiff. *Id.* at ¶ 5.

Plaintiff asserts that LUW is a proper party to this suit and dismissal at this stage is premature. Opp. at 18. Plaintiff claims that Defendants' own fundraising materials and NCF's records create factual questions regarding the relationship between Defendants SFM and LUW. *Id.* However, even construing all factual inferences in the light most favorable to Plaintiff, Plaintiff fails to allege specific claims against LUW. In the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL



Complaint, Plaintiff alleges claims against SFM and LUW jointly based on the fact that Mr. Feucht controls both corporate entities. However, according to the records Plaintiff provides, Let Us Worship was registered by Mr. Anthony on June 6, 2023. Opp. Exhibit A. The event surrounding Plaintiff's allegations of fraudulent misrepresentation occurred between March 6, 2023 and March 13, 2026, three months before LUW corporate entity was registered. Compl. at ¶¶ 9-12, 20-21. Plaintiff does not dispute any of these facts. Opp. at 18. However, Plaintiff contends that LUW should not be dismissed because Mr. Feucht solicited charitable donations for a program (the 2023 Tour) with the exact phrasing later used for Defendants' corporate name – Let Us Worship. *Id.* at 19. The Court is unconvinced that LUW is a proper party to this suit, solely based on Mr. Feucht's control of both entities and the similarity between the 2023 Tour and corporate entity. As a result, Defendant LUW is dismissed.

**B. Leave to amend is granted.**

The Court will be dismissing without prejudice. If Plaintiff chooses, they must file an amended complaint consistent with this Order within twenty-one days.

**IV. Disposition**

For the reasons set forth above, the Court GRANTS Defendants' Motion and dismisses WITHOUT PREJUDICE. The motion hearing and Scheduling Conference set for September 14, 2024 is VACATED.

The Clerk shall serve this minute order on the parties.